**FILED**

**NOT FOR PUBLICATION**

AUG 29 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

**UNITED STATES COURT OF APPEALS**

RECEIVED

**FOR THE NINTH CIRCUIT**

DEC 1 8 2006

CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

| | |
|---|---|
| ROBERT B. GILLAM,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>MICHAEL A. BARTON,<br>Commissioner, Alaska Department of<br>Transportation and Public Facilities, in<br>his official capacity,<br><br>Defendant - Appellee. | No. 05-35232<br><br>D.C. No. CV-04-00182-RRB<br><br>**MEMORANDUM**[*] |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Argued and Submitted July 25, 2006
Anchorage, Alaska

Before:  **KOZINSKI, BERZON** and **TALLMAN**, Circuit Judges.

Plaintiff claims that a highway funding formula violates his rights under

Title VI of the Civil Rights Act of 1964 and the Equal Protection Clause. But the

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

page 2

environmental injuries he alleges lie outside the zone of interest of either provision. His complaint thus does not fulfill a necessary prudential requirement for standing. See Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 475 (1982) ("[P]laintiff's complaint [must] fall within 'the zone of interests to be protected or regulated by the statute or constitutional guarantee in question.'" (quoting Assoc. of Data Processing Serv. Orgs. v. Camp, 397 U.S. 150, 153 (1970))).

To the extent plaintiff is denied equal access to cost-effective road projects, that benefit is denied to all urban Alaska residents. Plaintiff has therefore asserted a generalized grievance that cannot serve as the basis for standing. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 n.1 ("[T]he injury must affect the plaintiff in a personal and individual way.").

Given that plaintiff has no standing to allege a cause of action under the Equal Protection Clause and Title VI, further amendment of his complaint would be futile. Thus the district court's dismissal with prejudice was proper. See Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991) ("A district court does not err in denying leave to amend where the amendment would be futile.").

**AFFIRMED.**

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

DEC 0 8 2006

by:
Deputy Clerk